# IN THE COURT OF APPEALS OF IOWA

No. 18-0703
Filed February 20, 2019

IN RE MARRIAGE OF RICHARD ALBERT CORNISH III
AND SHPRESA THAQI-CORNISH

Upon the Petition of
RICHARD ALBERT CORNISH III,
    Petitioner-Appellee,

And Concerning
SHPRESA THAQI-CORNISH,
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Kevin McKeever,

Judge.


Shpresa Thaqi-Cornish appeals the child-custody provisions of the decree

dissolving her marriage to Richard Cornish and the award of trial attorney fees.

**AFFIRMED.**


William N. Toomey of Phelan Tucker Mullen Walker Tucker Gelman, LLP,

Iowa City, for appellant.

Alan R. Bohanan, Iowa City, for appellee.


Considered by Potterfield, P.J., Doyle, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Judge.**

Shpresa Thaqi-Cornish appeals the child-custody provisions of the decree dissolving her marriage to Richard Cornish. She contends joint physical care is not in the child's best interests, arguing it is in the child's best interests to grant her physical care. She also contends the district court abused its discretion in awarding her only $1000 in trial attorney fees. Both parties request an award of appellate attorney fees.

### I. Background Facts and Proceedings.

Richard was stationed in Europe while serving in the Air Force when he met Shpresa in the Republic of Slovenia in 2004. They married in 2011. Shpresa was granted legal permanent residency in the United States in 2014 with a term expiring in 2024, and she has a green card.

Richard and Shpresa have one child together,[1] born in 2012, who is a dual citizen of the United States and the Republic of Slovenia. Richard and Shpresa both resided in North Liberty at the time of trial.

Richard petitioned to dissolve the marriage in 2016.[2] The matter was tried in November 2017. The primary issue at trial was physical care of the child. Both parties sought physical care, though Richard requested joint physical care as an alternative. The district court ultimately determined that joint physical care was in the child's best interests. Shpresa appeals.

---

[1] Richard has a daughter from a previous relationship, who now lives with her mother in Maryland.
[2] The matter was initially filed as a custody action and later amended to petition for dissolution.

**II. Child Custody.**

Shpresa first challenges the physical care provisions of the decree, arguing that joint physical care is contrary to the child's best interests and she should be granted physical care of the child instead. We review her claim de novo, examining the entire record and adjudicating the issue anew. *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). Although we are not bound by the district court's factual findings, we give them weight, especially if they concern witness credibility. *See id.*

The overriding consideration in determining physical care of a child is the child's best interest. *See In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007). In making this determination, the court is guided by the factors set forth in Iowa Code section 598.41(3) (2016) as well as those identified in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). *See id.* Our fundamental concern is placing the child with the parent who will best minister to the child's long-range best interests. *See Winter*, 223 N.W.2d at 166.

The court may award joint physical care to joint custodial parents upon the request of either parent. *See* Iowa Code § 598.41(5)(a). "If the court denies the request for joint physical care, the determination shall be accompanied by specific findings of fact and conclusions of law that the awarding of joint physical care is not in the best interest of the child." *Id.* The nonexclusive list of factors to be considered in determining whether a joint physical care arrangement is in the best interests of the child include:

> (1) "approximation"—what has been the historical care giving arrangement for the child between the two parties; (2) the ability of the spouses to communicate and show mutual respect; (3) the

degree of conflict between the parents; and (4) "the degree to which the parents are in general agreement about their approach to daily matters."

*In re Marriage of Berning*, 745 N.W.2d 90, 92 (Iowa Ct. App. 2007) (citation omitted).

In determining whether to grant Richard's request for joint physical care of the child, the court found each party had difficulty communicating and had done a poor job of supporting the child's relationship with the other parent. The court noted, however, that they had shown an ability to communicate for the sake of the child's wellbeing and have cooperated sufficiently to meet the child's needs. The court also found that the child was strongly bonded with both parents such that the child would be "severely harmed" if forced to spend significantly less time with either. On this basis, the court determined that the "overwhelming evidence" supported joint physical care, stating:

> It is clear to the Court that in the instant case more harm would be done by depriving this young child with substantial time with either parent by awarding one parent with primary care. The Court recognizes that the parties engage in pointless and childish bickering about anything and everything. The pivotal question for the Court is whether or not such bickering would interfere with the child being brought to maturity in a healthy way both physically and mentally. The Court is convinced that the parties' propensity for bickering incessantly has not and will not prevent the parties from doing what is in the best interest of their child. The best evidence of this is the fact that the child has fared well under the joint-care arrangement. She clearly has enjoyed her time with both parents and the child is by both parents' account intelligent and friendly. She has friendships at school and her last teacher conferences apparently went well. Therefore, the Court is convinced that the best interests of the child would be served by awarding the parents with shared care.

We reach the same conclusion as the district court. "Although cooperation and communication are essential in a shared-care arrangement, tension between

the parents is not alone sufficient to demonstrate a shared-care arrangement will not work. Instead, the communication difficulties and tension must rise above the not atypical acrimony that accompanies litigation in family-law matters." *Hensch v. Mysak*, 902 N.W.2d 822, 826 (Iowa Ct. App. 2017) (internal citation omitted). Generally, joint custody arrangements are appropriate when the parents "demonstrate they are able to put aside their differences for the sake of their child." *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). Richard testified that he believes he and Shpresa can continue to work together for the child's benefit. The evidence shows that in spite of the parties' difficulties in cooperating and communicating, the child is doing well under a joint-physical-care arrangement and granting one parent physical care would be contrary to the child's best interests. Although we anticipate that the child will continue to do well under a joint-physical-care arrangement, any change in the future may serve as the basis for a modification action. *See id.* ("If the modification ordered here does not achieve more mature parental communication and cooperation by both parents in furtherance of the best interests of the children, the remedy of sole legal custody remains an option in any future modification proceedings.").

### III. Trial Attorney Fees.

Shpresa next contends the district court erred in ordering Richard to pay her $1000 of her trial attorney fees. She asks that the award be increased to $5213 based on the parties' relative incomes.

We review the trial court's decision regarding the award of trial attorney fees for an abuse of discretion. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255

(Iowa 2006). The decision to award attorney fees depends on the parties' respective abilities of to pay. *See id.*

We find no abuse of discretion.

**IV. Appellate Attorney Fees.**

Finally, both parties request an award of their appellate attorney fees. Such an award is a matter of discretion with our court. *See In re Marriage of Witherly*, 867 N.W.2d 856, 861 (Iowa Ct. App. 2015). "Factors to be considered in determining whether to award attorney fees include: 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *In re Marriage of Stenzel*, 908 N.W.2d 524, 538 (Iowa Ct. App. 2018) (citation omitted). Although Richard was successful in the appeal, his need and Shpresa's ability to pay weigh against an award of appellate attorney fees. We decline to award either party appellate attorney fees.

**AFFIRMED.**